10-2481-ag
Tsetskhladze v. Holder

BIA
A099 928 130

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
RALPH K. WINTER,
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

PAATA TSETSKHLADZE,
*Petitioner,*

v.                                          10-2481-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Paata Tsetskhladze, *pro se*,
                         Brooklyn, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; William C. Peachey,
                         Assistant Director; Daniel E.
                         Goldman, Senior Litigation Counsel,

**Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Paata Tsetskhladze, a native of the Soviet Union and a citizen of Georgia, seeks review of a May 27, 2010, decision of the BIA denying his motion to reopen and reconsider. *In re Paata Tsetskhladze,* No. A099 928 130 (B.I.A. May 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The BIA did not abuse its discretion in denying Tsetskhladze's motion to reopen and reconsider. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ."  8 C.F.R. §

1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). As the BIA noted, Tsetskhladze did not establish that any of the evidence he submitted with his motion to reopen was previously unavailable. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) (looking to the date on which the immigration judge closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). The other basis for Tsetskhladze's motion to reopen was that he was eligible for adjustment of status based upon his marriage to a lawful permanent resident of the United States. However, Tsetskhladze was unable to show his *prima facie* eligibility for adjustment of status, as he did not present any evidence demonstrating that there was an immigrant visa immediately available to him. *See* 8 U.S.C. § 1255(a); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny reopening for failure to establish "a prima facie case for the underlying substantive relief sought"). Consequently, the BIA did not abuse its discretion in denying Tsetskhladze's motion to reopen based on his failure to present evidence that was not available at the former hearing, and on his failure to establish *prima facie* eligibility for relief. *See* 8 C.F.R.

3

§ 1003.2(c)(1); *Abudu*, 485 U.S. at 104-05; *Kaur*, 413 F.3d at 233.

Tsetskhladze presented to this Court in the first instance evidence that his wife recently became a United States citizen. To the extent that Tsetskhladze's wife's naturalization affects his *prima facie* eligibility for adjustment of status, the proper forum to raise such a claim is in a motion to reopen with the BIA. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007) (we "should not" exercise our power to remand where "the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA").

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Tsetskhladze did not argue any specific errors of law or fact which would warrant reconsideration. *See Jin Ming Liu*, 439 F.3d at 111 (the BIA does not abuse its discretion by denying a motion to

4

reconsider where the motion merely repeats arguments that the BIA has previously rejected).  Accordingly, the BIA did not abuse its discretion in denying Tsetskhladze's motion to reconsider.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk